**Glenn HENDERSON, Plaintiff–Appellant,**

v.

**SONY PICTURES ENTERTAINMENT, INC.; et al., Defendants–Appellees.**

No. 04–55883.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.*

Decided June 22, 2005.

Glenn C. Henderson, Los Angeles, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Holly R. Lake, Esq., Paul, Hastings, Janofsky & Walker LLP, Los Angeles, CA, for Defendants–Appellees.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM **

Glenn Henderson appeals pro se the district court's order dismissing his action against his former employer and some of its employees alleging discrimination, retaliation, violations of the First Amendment and the Freedom of Information Act ("FOIA"), and various state law claims. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir.1999), and we affirm.

The district court properly dismissed Henderson's First Amendment claim because Henderson did not allege that defendants are state actors. *See George v. Pacific–CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir.1996) (per curiam).

The district court properly dismissed Henderson's claim under 5 U.S.C. § 552(a)(4)(B) of the FOIA because defendants are not "agencies" and therefore cannot be held liable under the FOIA. *See* 5 U.S.C. §§ 552(a)(4)(B); 551(1).

The district court properly dismissed Henderson's discrimination and retaliation claims because they concern events that occurred after Henderson was terminated from his employment. *See* 42 U.S.C. § 2000e–3(a); *Winarto v. Toshiba Am. Elec. Components, Inc.*, 274 F.3d 1276,

1283–84 (9th Cir.2001); *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 919 (9th Cir.1996) (noting that a prima facie retaliation case requires the plaintiff to show that he engaged in a protected activity and the employer subjected him to an adverse employment action).

The district court did not abuse its discretion in dismissing Henderson's pendant state claims. *See* 28 U.S.C. § 1367(c)(3); *Brown v. Lucky Stores, Inc.* 246 F.3d 1182, 1189 (9th Cir.2001) (when federal law claims are dismissed the proper exercise of discretion is to dismiss pendant state law claims without prejudice).

Henderson's citation to *Intel Corp. v. Hamidi*, 30 Cal.4th 1342, 1 Cal.Rptr.3d 32, 71 P.3d 296 (2003), is unavailing.

Henderson's motion to file a late reply brief is granted. The Clerk shall file the reply brief received on August 25, 2004.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

